ESTELLE M. CLARK, Respondent, v. FRANK C. CLARK and BEE WRIGHT, Also Known as BEE WRIGHT CLARK, Appellants.— Order denying defendants' motion to dismiss the complaint on the ground that plaintiff had not resided in the State of New York for one year prior to the commencement of this action affirmed, with ten dollars costs and disbursements. We think this question should be decided upon the trial of the action. No opinion. Kelly, P. J., Jaycox, Manning, Young and Lazansky, JJ., concur.

JOHN J. FOX and CATHERINE FOX, Appellants, v. T. E. REALTY CO., INC., Respondent.— Order directing that the notice of pendency of the action be canceled of record, and order denying motion for reargument affirmed, with ten dollars costs and disbursements. No opinion. Jaycox, Manning, Young and Lazansky, JJ., concur; Kelly, P. J., dissents, with the following memorandum: I am unable to agree with my associates. I think the judgment demanded by the plaintiffs vitally affects the possession, use and enjoyment of the defendant's premises, against which the notice of pendency of action has been filed. If the plaintiffs succeed, the wall of defendant's premises, which it is alleged encroaches on plaintiffs' property, may be decreed to be taken down and removed. While the alleged encroachment may be upon the plaintiffs' land, the result of the removal of the encroachment would leave the house erected upon defendant's property without a side wall. In *Ackerman* v. *True* (44 App. Div. 106), cited by respondent, this court, in the First Department, reversed an order denying a motion to cancel a notice of *lis pendens*, upon the ground that the alleged encroachments were not on the defendant's premises and that it was an abuse of process to allow such a *lis pendens* to remain on file; but we know, from the subsequent history of that litigation in the reports (175 N. Y. 353), that the judgment prayed for in the complaint and finally granted resulted in the removal of the front wall of the houses erected on the defendant's land with consequent serious damage to the premises described in the notice of *lis pendens* and interference with the possession, use and enjoyment of the defendant's property. In such a case it would appear that possible purchasers of defendant's property should have notice of the pendency of the litigation under section 120 of the Civil Practice Act.

MORRIS FRIEDBERG, Appellant, v. NATHAN J. MILLER and Others, as Copartners, etc., and Others, Respondents.— Judgment and order reversed on the law and the facts, and a new trial granted, with costs to appellant to abide the event. We hold that the proof presented questions of fact which should have been submitted to the jury. Jaycox, Young and Lazansky, JJ., concur; Rich, J., taking no part; Kapper, J., dissents, and votes to affirm, on the ground that upon the record presented a finding against defendants would not be supported by the evidence.

SAMUEL FRUCHTMAN, etc., Respondent, v. MORRIS LEVINE, Appellant.— Order continuing an injunction *pendente lite* affirmed, with ten dollars costs and disbursements. No opinion. Kelly, P. J., Jaycox, Manning, Young and Lazansky, JJ., concur.